**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **PARVEG AHMED,** | * | |
| **Petitioner,** | * | |
| **v.** | * | **Civ. No. DLB-24-3589** |
| **M.J. BAYLESS,** | * | |
| **Respondent.** | * | |

**MEMORANDUM OPINION**

Parveg Ahmed, a prisoner in the custody of the Federal Bureau of Prisons ("BOP"), filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he has not received credit toward his sentence for 73 days he spent in foreign custody before he entered U.S. custody. ECF 1. The respondent has filed a motion to dismiss or for summary judgment, asserting that BOP correctly refused to give Ahmed credit for the period he was detained abroad. ECF 10.[1] Ahmed filed an opposition. ECF 19. The respondent did not file a reply. No hearing is necessary. *See* Rule 1(b) & 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* (allowing application of rules for 28 U.S.C. § 2254 petitions to other habeas petitions and directing the court to determine whether hearing is necessary); Loc. R. 105.6 (D. Md. 2025). For the reasons explained herein, the respondent's motion, treated as a motion for summary judgment, is denied.

I.      **Background**

On August 28, 2017, Ahmed arrived at John F. Kennedy Airport in New York from a Middle Eastern country, and agents from the Federal Bureau of Investigation ("FBI") arrested him

---

[1] The respondent states that M.J. Bayless is the current warden at the Federal Correctional Institution – Cumberland, where Ahmed was incarcerated when he filed his petition. ECF 10, at 1 n.1. The Clerk shall update the docket accordingly.

pursuant to an arrest warrant issued by the U.S. District Court for the Eastern District of New York. ECF 10-1, at 1–2, ¶ 3. The following day, Ahmed was transferred to the custody of the U.S. Marshals Service. *Id*. at 2, ¶ 4. He was indicted on September 16, 2017 by a grand jury sitting in the Eastern District of New York. *Id*. ¶ 5. On December 20, 2022, Ahmed pleaded guilty to attempting to provide material support to a foreign terrorist organization; he was sentenced to 153 months' incarceration. *Id*. ¶ 6.

BOP calculated Ahmed's sentence to begin on December 20, 2022, the date his sentence was imposed. ECF 10-1, at 36. BOP gave him credit toward his sentence for the 1,940 days he spent in pretrial custody from August 28, 2017 (the date of his federal arrest) through December 19, 2022 (the date before his sentencing). *Id.* at 37.

Ahmed filed this habeas petition seeking credit for 73 days he spent in foreign custody before his August 28, 2017 arrest. *See* ECF 1. Ahmed reports that on June 16, 2017, he was arrested in Jordan by the Mukhabarat, an intelligence agency that operates "outside of the Jordanian criminal justice system." *Id.* at 2. Ahmed says he was detained in Jordan until he was transferred to U.S. custody. *Id.* at 3. He states he was never charged with a crime in Jordan. *Id.*

In response, the respondent argues the petition should be dismissed and judgment entered in her favor because BOP correctly refused to credit Ahmed for the time he served in detention in a foreign country. ECF 10, at 8. The respondent insists BOP's refusal was justified because BOP "has been unable to verify information related to this detention, including the reason for [Ahmed's] detention, and whether any time spent detained was credited against any foreign sentence." *Id.* In support of her motion, the respondent has submitted the declaration of Veronica Hodge, a Correctional Program Specialist at the BOP Designation and Sentence Computation Center. ECF 10-1. According to Hodge, BOP emailed the U.S. Department of Justice, Office of International

Affairs ("DOJ-OIA") on May 30, 2024 and again on May 6, 2025, requesting details about Ahmed's foreign detention. *Id*. at 1, ¶ 1; *id.* at 3, ¶ 12. In response to the May 30, 2024 email, DOJ-OIA advised BOP there is no record of a U.S. extradition request or an Interpol Red Notice for Ahmed. *Id*. at 3, ¶ 13. DOJ-OIA did not respond to BOP's May 6, 2025 request for information by June 4, 2025, when the respondent filed her motion. *Id*. On the same days that BOP emailed DOJ-OIA, it also emailed the FBI requesting information about Ahmed's foreign detention. *Id.* ¶¶ 13–14 nn.1–2. The FBI did not respond to either request. *Id.*

Ahmed opposed the respondent's motion and submitted his own evidence. ECF 19, 19-2, 19-3. He submitted pages from his March 11, 2019 presentence investigation report ("PSR") (which he attached in full to his petition, ECF 1-1), and the August 25, 2017 affidavit in support of the warrant for his arrest issued by the U.S. District Court for the Eastern District of New York. ECF 19-2, 19-3. According to the PSR, soon after a June 1, 2017, trip from the United States to Saudi Arabia, Ahmed and a co-conspirator were "detained in a Middle Eastern country bordering Syria." ECF 19-2, at 4–5, ¶ 6. The PSR also reports that "[i]nvestigating agents subsequently gathered substantial additional evidence proving that [Ahmed] and the co-conspirator attempted to join ISIS in Syria as foreign fighters." *Id.* at 5, ¶ 7. The PSR notes that "[t]he case agent advised that the defendant's and the co-conspirator's detention was not related to their participation in the instant offense." *Id.* at 5, ¶ 6. The affidavit in support of Ahmed's arrest warrant states that the acts constituting the crime for which he was arrested—providing material support for a foreign terrorist organization—occurred between October 2014 and June 16, 2017. ECF 19-3, at 2.

The respondent did not file a reply and has not supplemented the record with additional information from the FBI, DOJ-OIA, or any other source.

**II.      Standard of Review**

The respondent moves to dismiss the petition for failure to state a claim or alternatively for summary judgment. When, as here, the parties present and the Court considers matters outside the pleadings on a dispositive motion, the Court must treat the motion as one for summary judgment under Rule 56, and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Ahmed received sufficient notice that the motion may be treated as a summary judgment motion. The Court sent notice advising him that the respondent's motion could be construed as one for summary judgment and could result in the entry of judgment against him. ECF 11. Moreover, the respondent's motion identified summary judgment as possible relief and provided sufficient notice for Ahmed to have a reasonable opportunity to present relevant evidence in support of his position. *See Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998). In support of his opposition to the respondent's motion, Ahmed submitted some evidence. Thus, the Court is satisfied that Ahmed has been advised that the respondent's motion could be treated as a summary judgment motion and that he has been given a reasonable opportunity to present materials in response to the motion. The Court will resolve the motion under Rule 56, which courts commonly do to resolve § 2241 petitions. *E.g.*, *Bonnie v. Dunbar*, 157 F.4th 610, 613 (4th Cir. 2025) (affirming summary judgment order in which district court denied § 2241 petition).

Summary judgment is appropriate when the moving party establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To meet its burden, the party must identify "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" in support of

its position. Fed. R. Civ. P. 56(c)(1)(A). Then, "[t]o avoid summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue for trial." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The opposing party must identify more than a "scintilla of evidence" in support of its position to defeat the motion for summary judgment. *Id.* at 251. The court "should not weigh the evidence." *Perkins*, 936 F.3d at 205 (quoting *Anderson*, 477 U.S. at 249). However, if "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," then summary judgment is proper. *Id.* (quoting *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). In ruling on a motion for summary judgment, the court "view[s] the facts and inferences drawn from the facts in the light most favorable to . . . the nonmoving party." *Perkins*, 936 F.3d at 205 (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996)).

### III.   Discussion

BOP computes the sentences of prisoners committed to the custody of the United States and applies credit, when credit is due, toward a sentence for time spent in official detention before the sentence was imposed. *See* 18 U.S.C. §§ 3585(b), 3624; *United States v. Jackson*, 952 F.3d 492, 497–98 (4th Cir. 2020) ("The Attorney General, through the Bureau of Prisons (BOP), computes the amount of the credit in a particular case after the defendant begins his sentence.") (citing *United States v. Wilson*, 503 U.S. 329, 334 (1992)). When a prisoner believes BOP has erred in executing their sentence, the prisoner may challenge BOP's execution of the sentence through a habeas petition filed pursuant to 28 U.S.C. § 2241. 28 U.S.C. § 2241(a); *see also Jones v.*

*Hendrix*, 599 U.S. 465, 475 (2023) (noting § 2241 relief is available when prisoner "might wish to argue that he is being detained in a place or manner not authorized by the sentence . . ."); *Ramirez v. Mansukhani*, 619 F. App'x 237 (4th Cir. 2015) (unpublished) (reviewing denial of prisoner's § 2241 petition alleging BOP "miscalculated his sentence").

BOP calculates a defendant's sentence pursuant to 18 U.S.C. § 3585(a) and (b). Section 3585(a) provides: "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." Here, BOP properly commenced Ahmed's term of imprisonment on December 20, 2022, the date his sentence was imposed.

Under 18 U.S.C. § 3585(b), a defendant is awarded credit toward his sentence for any time served in official detention before the sentence is imposed. Section 3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

Pursuant to § 3585(b), BOP gave Ahmed credit toward his sentence for the 1,940 days he was in custody since his arrest on August 28, 2017. Ahmed asked BOP also to give him credit for the 73 days he was in foreign custody from June 17, 2017 until August 27, 2017. BOP refuses to do so.

6

The reason for BOP's refusal is not that Ahmed was not in "official detention" in a foreign country for 73 days. There is no dispute he was. The reason for BOP's refusal to give Ahmed credit for the time he spent in official detention is that BOP had not been able to confirm the time "has not been credited against another sentence." *See id.* Evidence of BOP's confirmation efforts is scant. The only evidence of such efforts are emails BOP sent to DOJ-OIA and the FBI. The FBI never responded to BOP's emails, and there is no evidence that BOP has followed up with the FBI. DOJ-OIA responded to one of the emails, informing BOP that there is no record of a U.S. extradition request or an Interpol Red Notice for Ahmed. ECF 10-1, at 3, ¶ 13. DOJ-OIA's response sheds no light on whether the time Ahmed spent in official detention in a foreign country was credited toward another sentence. Curiously, BOP ignores evidence in the record that strongly suggests the time was *not* credited toward another sentence. The PSR, prepared on March 11, 2019, reported that Ahmed had no prior criminal convictions, charges, or arrests. ECF 1-1, at 7–8. If Ahmed previously had been arrested in a foreign country, had been convicted of crime there, and had been sentenced to a period of imprisonment for that crime, it stands to reason that the prosecutors in his criminal case would have brought those facts to the attention of the Probation Officer who prepared the PSR and to the Court and that the PSR would have been amended to reflect the prior arrest, conviction, and sentence. But there is no evidence in the record that the PSR was ever amended to reflect a prior conviction. The absence of any prior convictions in the PSR surely must carry some evidentiary weight for BOP on the question of whether the 73 days Ahmed spent in official detention in a foreign country was credited against another sentence. On the current record, the respondent has not established that the time Ahmed spent in official detention was not credited against another sentence.

Turning to the respondent's other argument, the respondent claims she is entitled to summary judgment on Ahmed's petition because BOP "has been unable to verify information related to this detention, including the reason for [Ahmed's] detention." ECF 10, at 8. The reason for Ahmed's detention is relevant to whether § 3585(b)(1) or (b)(2) is satisfied.

Under § 3585(b)(1), Ahmed is entitled to credit toward his sentence for "any time he has spent in official detention prior to the date the sentence commences as a result of the offense for which the sentence was imposed." 18 U.S.C. § 3585(b)(1). Ahmed was arrested in a foreign country on June 16, 2017, the same day, according to the arrest warrant, that his material support for a foreign terrorist organization ended. *See* ECF 10-1, at 6. This timing suggests that Ahmed's arrest and detention in a foreign country *was* for the offense for which he was serving his sentence. Other evidence, however, suggests his arrest and detention was *not* for the offense for which he is serving a sentence. *See* ECF 19-2, at 5, ¶ 6 (noting "[t]he case agent advised that the defendant's and the co-conspirator's detention was not related to their participation in the instant offense"). On the question of whether § 3585(b)(1) applies, there is a genuine dispute of material fact.

Alternatively, if Ahmed's official detention was *not* for the offense for which he is serving a sentence and § 3585(b)(1) does not apply, Ahmed still would get credit for the time spent in official detention if the official detention was "as a result of any other charge for which [he] was arrested after the commission of the offense for which the sentence was imposed." *See* 18 U.S.C. § 3585(b)(2). The respondent does not contest the timing requirement in § 3585(b)(2)—that Ahmed's official detention was the result of an arrest that occurred *after* he committed the offense for which he is serving his sentence. Rightly so. Just as the arrest warrant could support a finding that Ahmed was arrested *for* providing material support to a foreign terrorist organization because his criminal conduct ended on the day of his arrest, it also could support a finding that Ahmed was

arrested *after* he committed that offense. Thus, the respondent rightly does not dispute that Ahmed's arrest in a foreign country and the time he spent in official custody there occurred "after the commission of the offense for which the sentence was imposed." *See* 18 U.S.C. § 3585(b)(2).

The respondent focuses not on the *timing* of Ahmed's official detention but on the *reasons* for it. As the respondent sees it, Ahmed may receive credit for the time he spent in official custody *only* if the detention was for the conduct for which he is serving his sentence. *See* ECF 10, at 7, 9. This position has no support in the statutory text. Section 3585(b)(2)—one of two grounds for awarding credit for time spent in official detention—says the official detention may be "as a result of any other charge . . . ." This language distinguishes § 3585(b)(2) from § 3585(b)(1)'s alternative requirement that the official detention be "as a result of the offense for which the sentence was imposed." So, under a plain reading of § 3585(b), prior time spent in official custody (not credited toward another sentence) shall be credited toward the defendant's sentence if the official custody resulted from the conduct for which the defendant was sentenced *or* if the official custody resulted from an arrest for "any other charge" that occurred "after" the conduct for which the defendant was sentenced. As discussed earlier, there is evidence to support either condition.

The cases the respondent cites do not support a different reading of the statute. *See DeHart v. Streeval*, No. 18-74-HRW, 2019 WL 4169878 (E.D. Ky. Sept. 3, 2019); *Al-Marri v. Davis*, 714 F.3d 1183 (10th Cir. 2013); *United States v. Aslan*, 644 F.3d 526 (7th Cir. 2011); *Franklin v. Craig*, No. 5:08-CV-00312, 2011 WL 2604779 (S.D.W. Va. June 30, 2011). *DeHart* is not on point because the petitioner was detained in Canada pending an admissibility hearing on his asylum petition, not a criminal charge. *DeHart*, 2019 WL 4169878, at *4. *Al-Marri* is not point either. Al-Marri "was held for 71 months as a material witness and an enemy combatant." *Al-Marri*, 714 F.3d at 1187. These bases for detention, the Tenth Circuit explained, were not punitive. Because the

petitioner was not detained "for an alleged violation of the federal criminal code," his detention was not an "official detention" under § 3585(b). *Id. Aslan* and *Franklin* also are not on point. Igor Aslan and Kenyarda Franklin were denied credit for time served in official detention because the time had been credited toward another sentence. *See Aslan*, 644 F.3d at 532 ("All of the time that Aslan spent in state custody was credited toward his state sentence and he is therefore ineligible for any Section 3585 credit."); *Franklin*, 2011 WL 2604779, at *2, *3 (concluding Franklin was not entitled to credit because "his time in custody was spent serving his state sentence and 18 U.S.C. § 3582(b) only allows credit for time that has not been credited to another sentence"). These cases do not support the respondent's reading of § 3585(b).

On the current record, the Court cannot grant summary judgment to the respondent. There is no evidence that the time Ahmed spent in official detention in a foreign country before he was sentenced was credited toward another sentence. And there is record evidence that his official detention was either for the conduct for which he was sentenced or for another charge for which he was arrested after he committed the conduct for which he was sentenced. Thus, the Court finds that the respondent has failed to meet her burden of establishing that Ahmed is not entitled to receive credit under 18 U.S.C. § 3585(b) for time spent in official detention.

## IV.    Conclusion

The respondent's summary judgment motion is denied. A status call is scheduled for May 1, 2026 at 10 a.m. to discuss the next steps in this case.

A separate order follows.


March 30, 2026
Date

_____
Deborah L. Boardman
United States District Judge